UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Robert E. Thomas,
    Petitioner

    v.                                   Case No. 22-cv-550-SM
                                         Opinion No. 2023 DNH 038

Warden, FCI Berlin,
    Respondent


**O R D E R**

Robert Thomas is a federal prisoner seeking relief under 28 U.S.C. § 2241.  Specifically, he alleges that the Bureau of Prisons ("BOP") has improperly calculated his release date by failing to apply "time credits" he has earned under the First Step Act (the "FSA").  See Pub. L. No. 115-391, 132 Stat. 5194 (enacted Dec. 21, 2018).

The government seems to concede that it improperly determined that Thomas was ineligible for FSA time credits and, as a consequence, miscalculated his anticipated release date.  But, it says it has addressed that error, credited Thomas with 365 "FSA time credits" (the maximum allowable), and recalculated his proper release date.  Accordingly, the government moves to dismiss Thomas's petition on grounds that there is no additional

relief available to him under the FSA and his petition is now moot. Thomas has not objected or otherwise responded to the government's motion. For the reasons discussed, that motion is granted.

### The First Step Act

Because Thomas's claim focuses on his entitlement to "time credits" under the FSA, it is, perhaps, appropriate to briefly discuss that statute. As this court (Johnstone, M.J.) recently noted, Congress enacted the FSA in December of 2018,

> "with the purpose of modifying prior sentencing law and expanding vocational training, early-release programs, and other initiatives designed to reduce recidivism." United States v. Venable, 943 F.3d 187, 188 (4th Cir. 2019). The FSA requires the BOP to implement a risk and needs assessment system to track each prisoner's risk of recidivism and to expand access to "productive activities" and other programs to reduce the risk of recidivism by federal prisoners. 18 U.S.C. § 3621(h). The FSA also establishes incentives for successful participation in such programs and activities, including, at issue here, a new type of sentencing time credit to be applied towards the date of a prisoner's access to prerelease custody or a term of supervised release. See id. § 3632(d)(4).
>
> The FSA provides time credits for successful completion of evidence-based recidivism reduction programs ("EBRRs") and productive activities ("PAs"). See id. at § 3632(d)(4)(A). The FSA requires that prisoners who complete EBRRs or PAS, "except an ineligible prisoner under subparagraph (D)," "shall earn time credits" for successfully completing such programming. Id. at § 3632(d)(4)(A). The FSA allows eligible prisoners to earn ten days of

>     time credits, or in some cases, fifteen days of
>     credits, for every 30 days of EBRRs and PAs they
>     participate in while serving the custodial component
>     of their sentences.  See id. § 3632(d)(4)(A), (B),
>     (D).  FSA time credits, when applied, advance the date
>     when the prisoner will be placed in "prerelease
>     custody" (including home confinement or residential
>     reentry facilities), or accelerate the date when the
>     prisoner will leave BOP custody to start a term of
>     court-imposed supervised release.

Yufenyuy v. Warden, FCI Berlin, No. 22-CV-443-AJ, 2023 WL 2398300, at *2–3 (D.N.H. Mar. 7, 2023).

## Discussion

In 2001, Thomas was convicted of possession with intent to distribute heroin and sentenced to serve a 360-month term of imprisonment.  He was subsequently re-sentenced to a term of 324 months.  To date, he has served more than 20 years in prison.

According to documents attached to Thomas's petition, in the fall of 2022, Thomas was eligible for, and had accrued, 140 FSA time credits and had a projected release date of December 4, 2024.  See Petition, Exhibit 1 (document no. 1-2) at 3 and Exhibit 2 (document no. 1-3) at 1.  But, in December of 2022, something changed: Thomas's status was amended and BOP records showed that he was "ineligible" for FSA time credits.  Petition, Exhibit 3 (document no. 1-4) at 1-2.  That error seems to have deprived Thomas of the 140 FSA time credits he had accrued.

3

Thomas says he was deprived of another 920 days of credit because the BOP's computer system had improperly determined that he had failed to complete programming in certain "missing need areas" when he had, in fact, completed those programs. See FSA Time Credit Assessment (document no. 5-2). See also Emails from Thomas to prison authorities (document no. 5-4) 1 and 3.

Thomas's petition prompted the government to review his claims and recalculate the number of FSA time credits to which he was entitled. Following that review, the government determined that Thomas was entitled to 365 days of FSA time credits – the maximum allowable under the FSA.

> Petitioner's original projected release date was December 4, 2024, via good conduct time pursuant to 18 U.S.C. § 3624(b). The BOP applied 365 FSA time credits toward Petitioner's early transfer to supervised release. Therefore, his current projected release date is December 5, 2023. A true and accurate copy of the Sentence Monitoring Computation Data for Robert Thomson is attached hereto as Attachment 1.

Magnusson Affidavit at para. 4. See also 18 U.S.C.A. § 3624(g)(3) (providing that the BOP may apply no more than 12 months of earned FSA time credits to advance an inmate's release date).

In the end, then, the BOP says it determined that based upon accrued good time credit, see 18 U.S.C. § 3624(b), Thomas's projected release date was December 4, 2024 (Thomas does not challenge that calculation). The BOP then applied the maximum number of FSA time credits toward his early transfer to supervised release and concluded that his properly-calculated release date is now December 5, 2023. And, in light of that new calculation, Thomas was recently "transferred to a Residential Reentry Center in Michigan City, Indiana" where he is "expected to remain in prerelease custody until his release on December 5, 2023." Magnusson Affidavit at para. 5.

## Conclusion

Thomas has been credited with the maximum number FSA time credits and the issues surrounding the proper calculation of his release date appear to have been addressed and resolved. Given Thomas's silence, the court must infer that he does not argue otherwise.

For the foregoing reasons, the government's motion to dismiss Thomas's petition as moot (**document no. 12**) is granted. Thomas's Motions for Immediate Release (**documents no. 7 and 10**) are denied. The Clerk of Court shall enter judgment in accordance with this order and close the case.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

April 17, 2023

cc:   Robert Thomas, pro se
      Seth R. Aframe, AUSA